IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LARRY CARL DIXON,                    :
AIS 138238,
                                     :
        Petitioner,
                                     :
vs.                                        CA 07-0518-KD-C
                                     :
CHERYL PRICE,
                                     :
        Respondent.

## REPORT AND RECOMMENDATION

Larry Carl Dixon, a state prisoner presently in the custody of the

respondent, has petitioned this Court for federal habeas corpus relief pursuant

to 28 U.S.C. § 2254.  This matter has been referred to the undersigned for the

entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)

and Local Rule 72.2(c)(4).  It is recommended that the instant petition be

dismissed as time barred under the Anti-Terrorism and Effective Death Penalty

Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).

## FINDINGS OF FACT

1.      Dixon was convicted in the Circuit Court of Mobile County,

Alabama on December 10, 1993 of theft of property in the second degree.

(Doc. 24, Exhibit A, Case Action Summary Sheet)  Petitioner entered a counseled guilty plea to the charge and was sentenced to a twenty-year term of imprisonment. (*Id.*) Dixon did not directly appeal his conviction and sentence. (*See id.*)[1]

2.     On  January 12, 2007, Dixon filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama, collaterally attacking his conviction and sentence. (Doc. 24, Exhibit B, Case Action Summary Sheet) The Rule 32 petition was denied by the trial court, without an evidentiary hearing, on February 14, 2007. (*See id.*; *compare id. with* Doc. 1, Complaint, at 3-4) Dixon did not appeal the trial court's denial of his Rule 32 petition. (*See* Doc. 24, Exhibit B, Case Action Summary Sheet)

3.     On June 11, 2007, Dixon filed a complaint in the United States District Court for the Middle District of Alabama attacking his second-degree theft of property conviction and sentence. (Doc. 1, COMPLAINT, at 11) His case was transferred to this Court on July 19, 2007. (*See* Doc. 11)

---

[1]     Although Dixon states, in his complaint, that he appealed his conviction (Doc. 1, Complaint, at 3), the remainder of the complaint establishes that the "appeal" he filed was the Rule 32 petition he filed in the Circuit Court of Mobile County on January 12, 2007 (*compare id. with* Doc. 24, Exhibit B, Case Action Summary Sheet).

## CONCLUSIONS OF LAW

1.      The Anti-Terrorism and Effective Death Penalty Act of 1996

("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added

a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of

limitations within which state prisoners must file their habeas corpus petitions

pursuant to 28 U.S.C. § 2254.  *Wilcox v. Florida Dept. of Corrections*, 158

F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)

2.       Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case[2] and therefore, the timeliness of Dixon's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his conviction became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is applicable in this case since Dixon's December 10, 1993 guilty-plea conviction became final when the forty-two (42) day period to appeal provided for by Ala.R.App.P. 4(b)(1) expired, that is, on January 21, 1994. Ala.R.App.P. 4(b)(1) ("In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)."); *see Simmons v. Upton*, 2007 WL

---

[2]       Petitioner makes no argument to the contrary. (*See* Docs. 1, 15 & 25)

4

2375823, *2 (M.D. Ga. 2007) ("Georgia law provides that an appeal of a guilty plea shall be filed within 30 days of such plea. . . . In this case, petitioner entered a guilty plea on May 25, 2001; petitioner did not file a direct appeal, therefore, his conviction became final on or about June 25, 2001, when the time for filing such an appeal expired."); *Jennings v. Meadows*, 2006 WL 1134083, *2 (S.D. Ga. 2006) ("[B]ecause Petitioner did not file an appeal, his conviction became 'final' when the thirty (30) day period to appeal provided for by O.C.G.A. § 5-6-38(a) expired. As Petitioner's conviction and sentence were rendered on March 20, 1998, his conviction became final on or about April 19, 1998."); *Sweet v. Crosby*, 2006 WL 1319440, *1 (M.D. Fla. 2006) ("Petitioner's conviction was entered on August 14, 1998. Because he did not file a direct appeal, his conviction became final thirty days later, on September 14, 1998."); *cf. Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). Accordingly, Dixon's limitations period commenced on April 24, 1996 and expired on April 23, 1997, *see Guenther, supra*, 173 F.3d at 1331, more than ten years before he filed the instant § 2254 application.

       3.      Dixon is unable to take advantage of the tolling provision built

into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"); *cf. Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001), because the collateral attack on his conviction and sentence which he undertook was filed well after the one-year statute of limitations expired under § 2244(d)(1). *Cf. Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). "A state court

filing after the federal habeas filing deadline does not revive it." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (citation omitted).

4.       While petitioner makes no equitable tolling argument (*see* Doc. 25),[3] the undersigned nevertheless considers the possible application of the doctrine to the facts of this case. Recent decisions of the Eleventh Circuit have clearly embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue:    "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted).  Thus, the one-year

---

[3]       In responding to the answer, petitioner makes no mention of the one-year limitations period or the doctrine of equitable tolling. (Doc. 25) Instead, Dixon simply asserts that the indictment was fatally defective and that his argument that the indictment failed to charge an offense can be raised at any time. (*Id.*) This Court, however, need not reach the substantive issue petitioner raises because it lacks subject-matter jurisdiction given the untimely filing of the instant habeas corpus petition.

limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998).

5.      In this case, petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations

period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Petitioner makes no argument that he was ignorant of the one-year limitations period. It is apparent to the undersigned that nothing other than petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.

## CONCLUSION

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 6th day of March, 2008.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.       *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

 _s/WILLIAM E. CASSADY_____
UNITED STATES MAGISTRATE JUDGE

10